Tucker, P.
In the examination of this case, I deem, it fit to enter at once into an enquiry as to the merits and effect of the award in question, which is the foundation of the plaintiff’s claim.
The first question that presents itself is, Whether the paper in the record purporting to be the award is to be taken as such inclusive or exclusive of the correction made on the 22nd November 1821 ? in other words, whether the instrument as signed on the 21st November, is to be taken as the true award, or whether the addition and correction which was superadded on the 22nd, before the delivery, is to be taken as a constituent part of the award itself? If the award was complete on the 21st—if the arbitrators had discharged themselves of their duty, if they were in fact functi oficio, then it is clear that all their power over the subject was gone. But if, on the other hand, it should appear, that the arbitrators had not discharged themselves of their duty; that the act was not factum but in fieri ; that the paper as signed on the 21st was not their definitive judgment and so was not complete ; that it had never been delivered as their award, but was retain *558 ed for further reflection and examination; and that the . reading oí it to the parties, was with intent to hear any objections on either part, that they might be duly considered and weighed before this tempus penitentice should be closed forever; then it is equally clear to my mind, that the instrument as executed on the 21st November was not the true award, and that the award never was complete until the execution of the 22nd November, whereby the correction as to interest was made a constituent part of the award itself, and is not to be looked upon in the light of an ex post facto correction of an antecedent complete and final award.
The position I have here laid down is, I am persuaded, in strict concordance with the spirit of the cases upon the subject. It is admitted, indeed, to have been decided, that delivery is not essential to the validity of an award, unless made so expressly by the submission. That the award is ready for delivery, will suffice. Brown v. Vawser, 4 East 584. Henfree v. Bromley, 6 East 309. 17 Ves. 237. And when the arbitrators have finally discharged themselves of their duty, no resumption of their authority can be recognized, and every subsequent attempt to alter and correct their judgment can only be looked upon as void. Such was the case of Henfree v. Bromley, where by the submission the umpire was to make his award under his hand, ready to be delivered by a certain day. On the day, he awarded against the defendant £57. and, signed the award; recommending, at the same time, by parol, that they should divide the costs. He put the award into his attorney’s hands, who immediately sent notice to the defendant that the award was executed and ready to be delivered. Here, then, was a complete and final award, of which notice was given to the defendant, as executed and ready for delivery. It was, therefore, no longer in fieri. All power over it was gone. Yet the umpire, hearing that the defendant refused to pay his share of the costs, *559 struck out the £57. and inserted £66. in order to cover them, and then he re-signed with a dry pen. This was, obviously, a new and distinct act of judgment, formed by him after his authority was spent and he was fundus officio. And so it was decided.
But if the signing and sealing by the arbitrators was not with intent to determine and conclude their judgment, if they still retained the award in their own hands, with the view of hearing any objections that the parties might offer, and of weighing and deciding on them, if, in other words, the award was not only not delivered, but not ready to be delivered, then I think it equally clear that it is not their judgment;—it is not their award. It wants that finality which is essential to every award. It wants that final determination of the judgment which is essential to a decision. It is a suspended and not a final judgment, and of course can be no award.
Such in my opinion is the case here. It is stated indeed, “that upon objections being made by col. Byars to the award after it xoas signed and read to the parties,” the arbitrators proceeded to consider them. This, I allow, is strong language. It speaks of the instrument of the 21st November as “the award,” and states that the objections were made after it was signed and read. But though so called, we find from the testimony of the arbitrators, that it was not considered as their final award. The two arbitrators who gave testimony in the cause concur in stating, that the instrument was signed, sealed and delivered as an award to the parties, having been read in their presence before delivery, which (the delivery) did not take place till after the objections made by Byars were considered, and the reduction was made; this reconsideration produced a reduction of the amount, so as to give Byars a credit of 376 dollars 25 cents. This being made, an addition was made to the award, which was signed, sealed and delivered by the arbitrators to the *560 Paríaes ™ presence of each other on the 22nd NovemPer 1821. “ In this addition to the award (they say) we decide^ and so expressed, that Byars should pay to said Thompson 1807 dollars 57 cents, one half in three months and the other half in six months from the 22nd November 1821, the date of the said additional writing, with interest on the whole from the said date. I intended (says Mayo, and Russell adopts his evidence) the latter as my award, and acknowledged and delivered it as such. The addition is annexed to and is on the same paper which contains the first opinion expressed by the arbitrators.” From this testimony it is clear to my mind that the paper signed on the 21st November was not the definitive judgment of the arbitrators. It was indeed the opinion which they then entertained, but which they suspended until they could hear any objections which could be suggested by the parties interested ; a course which I think not only legal but laudable.
I am then of opinion that the paper purporting to be executed on the 22nd November was the true award, and not that which had been signed and sealed the day before.
Before we pursue this conclusion to its consequences, it becomes necessary to enquire, whether the reservation of the power to reconsider a charge against the plaintiff of 150 dollars vitiates the whole award or not. I think it does not. The arbitrators have awarded to Thompson 1807 dollars 57 cents; and if this matter had been or should be decided in his favour, he would be entitled to 1957 dollars 57 cents. However the matter, then, as to that 150 dollars might be, Thompson is entitled without controversy to the 1807 dollars 57 cents. Byars has nothing to complain of, if we consider the award good, and the reservation only void. He could only lose, and not gain, by the reconsideration of that question. If they had awarded against him a heavy sum, *561 leaving undecided an important credit which would reduce that sum, he might well complain. But here, the effect of the reconsideration and change of opinion could only be to increase the demand against him. All then that he can ask is, that this reservation of a right to charge him at a future day the additional 150 dollars should be held void: and such I think it is unquestionably. But it does not affect the 1807 dollars 57 cents which is substantive and unconnected with the question reserved, and for which the award is therefore good. If we consider—as perhaps we ought to do, in support of the acts of the arbitrators—the reservation as being only of the power of reconsidering the question at any time before the award should be delivered, then it would be valid indeed, but the result would be the same. For the delivery of the award without change as to the point reserved, must be regarded as concluding the question, and as evincing that after the exercise of the reserved right, the arbitrators had found no sufficient reason to modify their award as to the 150 dollars. In neither view, then, can the reservation in question have any effect upon the award between the parties.
What then are the consequences of this view of the award upon the present case ? Let us look, first, to the pleadings.
There are four counts in the declaration, to all and each of which there is a demurrer. That demurrer, in the opinion of this court should not have been sustained as to either count. Preliminary to and as part of his demurrer, the defendant prayed oyer of the submission, to which he had a right, and which was accordingly read to him. He also prayed oyer of the award, to which he had no right; and that being also read to him, he objects, as fatal, the variance between the true date of the submission and the date recited in the award. In the opinion of this court, however, the plaintiff having in his declaration averred that the award was made in *562 pursuance of the submission, that matter was matter of fact for the jury, who might find upon evidence, that the date on the face of the award was mistaken. The second objection, that the arbitrators reserved a right to reconsider, is deemed of no weight, as that did not affect the award. The third objection was to the failure to aver that a copy of the award had been delivered. But this the court does not deem necessary to the validity of the award, and so not necessary to be averred. The fourth objection is the discovery of the error and its correction, and so the plaintiff improperly demanded 2183 dollars 82 cents, instead of 1807 dollars 57 cents. But it depended upon the testimony that was to be adduced, and not merely upon the paper as it appeared, whether the act of the 21st or that of the 22nd November was the true award. If upon trial of the issue of no such award, on the three first counts (to which alone this objection applies), it had appeared, that the paper, as sealed on the 21st, was final, and delivered as such, then the objection was invalid. If, on the other hand, it appeared that the act was still incomplete and in fieri, then the paper as executed on the 22nd was the true award. The matter, then, depending on evidence as to the execution and delivery of the award, could not properly have been made the subject of demurrer to the declaration. I do not think, that either of the three first counts should have been adjudged bad on demurrer, although, upon the view of the case taken by this court, it is unimportant, since on the plea of no award, they are unsustained by the evidence. As to the fourth count, the court is of opinion, that it is good, and that the demurrer to it should have been overruled.
The objection to the first, second and fourth counts, that they do not set out, or profess to set out, the whole award, is untenable. It is not necessary to do so in the declaration. The only case in which it is necessary (if it be necessary in that) is when an action of debt is *563 brought for the penalty of a bond conditioned to abide by an award, and the defendant, taking oyer of the condition, pleads no award, and the award is for the first time brought out in the replication. In such case, it has been said, that the replication must set out the whole award. But if it be so, it results from the technical rules of pleading, which have no application to a declaration on an award, as in this case, in an action for the penalty in an agreement for submission, in which the setting out so much of the award and the breach of it, as entitles the plaintiff to his action, is a necessary part of the declaration.
Next as to the pleas. The second was admitted. The third (which was to the fourth count) was a good plea, but was withdrawn because the count was declared bad. Tt may be filed again to that count if there be a new trial. The fourth plea is, that there was an error of 376 dollars 25 cents on the face of the award. This was not a good plea; not to the three first counts, because it contradicted the award, if the act of the 21st November constituted the award; nor to the fourth, because that demanded only the balance after correcting that error. The fifth and sixth pleas are covered by the seventh which was sustained, and there was neither necessity nor propriety in pleading the same matter over in several pleas. The eighth plea is, that a copy of the award was not furnished. This was not essential to the action, and so the plea was not good. The ninth plea was bad, because it called in question the award for errors alleged to appear on its face, which could not be established without reference to matter aliunde.
Looking then upon the declaration as good in all its counts, the demurrer to the fourth count should not have been sustained, and the verdict upon the plea of no such aioard to the other three should have been for the defendant. There must then be a new trial upon those counts, unless the plaintiff shall release the excess *564 of the verdict over the demand set forth in the fourth count, in which event judgment should be entered for the amount of that demand. If the plaintiff refuses to release, the verdict must be set aside, and a new trial awarded of the issues upon the three first counts, and the untried issues upon the fourth.